RECEIVED
OCT 03 2025
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

Cody K. Dittmar P.1 9/26/25

Case # 1:25-cr-00001-CJW-MAR

I would like to petition the court to issue an evidentry hearing on the grounds of prosecutorial misconduct involved in my current federal case in the interest of justice. [illegible]

These are the facts of the prosecutorial misconduct:

[False testimony/Perjury]

1. Goverment witness's Brittany Falco and Sara Differing sighned immunity agreements with the goverment at the grand jury.

The prosecutor nicole nagin allowed Brittany Falco and Sara Differing to testify to the jury under oath that they recieved nothing for their testimony, when in fact they did - they both recieved immunity.

[false testimony/perjury]

2. Brittany Falco furthur testified that she bought heroin [illegible] from Cody Dittmar at trial under oath.

But during her Grand jury statement under oath she [illegible] testified that she never bought heroin from Cody, always alysha.

[false testimony/perjury]

3. The prosecutor Nicole Nagin allowed alysha Dittmar to testify at Cody Dittmar's trial under oath that she has not recieved anything for her testimony, but hopes that she will get consideration or a time reduction for her testimony.

Alysha Dittmar failed to disclose under oath that she already recieved a reduction at her sentencing for a proffer agreement, and a 5K1 motion for information she provided to the goverment thad resaulted to my indictment. ~~A~~ ~~Alysha Dittmar was used directly~~ Alysha Dittmar's plea deal was used at Cody Dittmar's grand jury proceeding's to indict him.

[ false testimony / perjury ]

4. Sara Differing testified under oath at Defendants trial that she first started to take her boyfreind Shawn morrison to cody and alysha Dittmar's apartment to get drugs in late june/july of 2023.

At the grand jury Sara Differing stated under oath that she started to take her boyfreind to cody and Alysha Dittmar's apartment to get drugs in mid april of 2023. During this time of questioning The Prosecutor Nicole Nagin had to correct Sara's testimony because Sara said originally April of 2024.

[ false tesimony / perjury ]

5. Alysha Dittmar testified under oath at Defendants trial when showed a picture of a exhibit of a small baggie with the initial's A.t, that "it's just one of the bag's I gave him." Then continued to say, I just screwed up, I mean one of the bag's I gave to cody.... and cody gave to him..

In previouse statment's ~~sh~~ Alysha Dittmar told the governend and

investigator's that cody was with me the first time I sold A.T Heroin, but I sold A.T Heroin 2-3 times after that without cody.

Alysha Dittmar also told another inmate by the name collen white, that she sold heroin to 2 people who have never done heroin befor and it resoulted in their deaths. Collen white was in a holding cell at the federal courthouse in Cedar Rapids with Alysha Dittmar, where she offerd this information to Collen white. It becomes known to the Goverment through 2 letters Collen white wrote to the prosecutors office explaining in detail when, where, and everything that was said.

The Goverment and Nicole Nagin refused to investigate this claim, even though the holding cells mentioned in collen whites letters had audio/video monitering systems that recored everything that takes place.

[ false testimony ]

6. Alysha Dittmar had a interview in the spring of 2025 where she disclosed to Nicole Nagin and investigators that cody would sell heroin to Brittany Felco and Emily Edgington. Brittany and Emily testified at the grand jury and Nicole Nagin that they both specifically bought heroin/Fentenyl off Alysha Dittmar & that Alysha was their main supplier in the year 2023. That they never bought from Cody Dittmar.

This totally contradicts what alysha told Nicole Nagin.

[Improper remarks in closing argument] P.4

7. Nicole Nagin made closing arguments at trial that Alysha Dittmar and Sara Differing have nothing to gain by testifing, or implimating me.

This is improper. The prosecutor cannot vouch for the creditability of their witness's. Both witness's do have somthing to gain, they got immunity for their testimony. Alysha Dittmar is the main matireal witness in Defendants case, if Alysha didn't impliment someone else or testify she would have not recieved anytime cuts for her cooperation at sentencing or recieved immunity for the Defendants current conspiracy indictment, not to mention the fact for future reductions for her current testimony.

[Brady/Giglio materials]

8. Nicole Nagin failed to disclose any audio/video evidence pertaining to the following:

A. Alysha Dittmar's proffer interviews

B. Brittany Fako's interviews with Nicole Nagin or Drug Task Force.

C. Sara Differing's interviews with Nicole Nagin or Drug Task Force.

[Brady/Giglio materials]

9. Nicole Nagin failed to disclose any matireal or evidence to Defendant pertaining to the following;

A. Any evidence of narcotics ~~she~~ Alysha Dittmar had in her possession during the time of her arrest in June 2024.

B. Any failed UA'S Alysha Dittmar in the spring of 2024 while providing information to the goverment during her Co-operation/C.I Status.

All the above statements made were inconsistant with previouse statements made to the Goverment or Nicole Nagin under oath, or under the presumption of the Goverment to be true due to Alysha Dittmar, Brittany Falco and Sara Differing's Immunity agreements.

Nicole Nagin and the goverment Know the statements their witness's made, Furthur more it is the prosecutors obligation to correct false statements made by their witness's.

The prosecutor's use of false testimony to obtain a conviction is a vilation of Due process. Napue, 360 U.S. at 269.

when false testimony arises during the course of trial, "the duty to correct false testimony is on the prosecuter, and that duty arises when the false evidence appears." see united States v. Foster, 874 F.2d 491, 495 (8th cir 1988) (emphises added) (applying the Napue Rule)

Napue, Giglio and Bigeleisen are directly applicable here. Alysha Dittmar, Brittany Falco, and Sara Diffeling testified that they recieved nothing for their testimony. This was false, all 3 had immunity agreements with the goverment. The prosecutor breached her duty to correct the falsehoods.

All of the falsehoods mentioned in this motion were material because the jury reliede on the witness's creadability and their

Credability alone to find the Defendant Guilty. The Prosecutions case was and is 100% circumstancial at best.

If any of the false or perjured testimony/statements would have been corrected by the prosecutor Nicole Nagin, the judgement or the outcome of my trial would have been not guilty or amounted to an acquital.

I further pray that The NorthEastren District Of Iowa Grant this motion for A Evidentry Hearing For Prosecutorial Misconduct in light of the Interest of Justice.

Cody K. Dittmar
9/26/25

NOTARIAL SEAL IOWA
CHRISTINE KELLY
Commission Number 854453
My Commission Expires
March 6, 2027

Christine Kelly

Cody Kinzie Dittmar
16812-029
Marshall County jail
Marshalltown, IA 50158

DES MOINES IA 500
1 OCT 2025 PM 2 L

THIS CORRESPONDENCE HAS
BEEN MAILED FROM A
CORRECTION FACILITY

10-1
CW

FOREVER / USA

Federal Courthouse
U.S Clerk of Court
111 7th Avenue SE
Cedar Rapids, IA 52401

XRAYED US MARSHALS SERVICE

LEGAL MAIL

52401-210199